```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

CELESTER VAUGHN,            )
    Plaintiff,          )
                            )
    v.                      ) Civil Action No. 04-158
                            ) District Judge Thomas M. Hardiman
WILLIAM SHOAPT - WARDEN;    ) Magistrate Judge Lisa Pupo Lenihan
CAROL STEELE - DIRECTOR     )
OF TREATMENT,               )
    Defendants.             )

## REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

II.   REPORT

Plaintiff, Celester Vaughn, a federal prisoner previously confined at the Beaver County Jail (BCJ), located in Beaver County, Pennsylvania, has commenced the present action against William Schoapt, Warden at BCJ and Carol Steele, Director of Treatment at BCJ. For the reasons that follow, the action should be dismissed for failure to state a claim upon which relief may be granted.

### A. Standard of Review

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat.

1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1] Defendants are officers or

---

[1] Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any

employees of a governmental entity, *i.e.*, the Beaver County Jail. Plaintiff has been granted leave to proceed in forma pauperis in this action. Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

B. Plaintiff's Claim

---

facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

[2] *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

Plaintiff's claims arise under the rule announced in <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), wherein the Supreme Court recognized a cause of action for damages against a federal agent when, acting under color of his authority, he violated an individual's constitutional rights. Here, Plaintiff claims that Defendants violated the BOP rule codified at 28 C.F.R. § 540.19, which provides as follows.

28 C.F.R. § 540.19 - Legal correspondence.

> (a) Staff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter. The inmate may be asked to sign as receiving the incoming legal mail. This paragraph applies only if the sender has marked the envelope as specified in § 540.18.
>
> (b) The inmate is responsible for advising any attorney that correspondence will be handled as special mail only if the envelope is marked with the attorney's name and an indication that the person is an attorney, and the front of the envelope is marked "Special Mail--Open only in the presence of the inmate". Legal mail shall be opened in accordance with special mail procedures (see § 540.18).
>
> (c) Grounds for the limitation or denial of an attorney's correspondence rights or privileges are stated in Part 543, Subpart B. If such action is taken, the Warden shall give written notice to the attorney and the inmate affected.
>
> (d) In order to send mail to an

>attorney's assistant or to a legal aid student or assistant, an inmate shall address the mail to the attorney or legal aid supervisor, or the legal organization or firm, to the attention of the student or assistant.
>
>(e) Mail to an inmate from an attorney's assistant or legal aid student or assistant, in order to be identified and treated by staff as special mail, must be properly identified on the envelope as required in paragraph (b) of this section, and must be marked on the front of the envelope as being mail from the attorney or from the legal aid supervisor.

28 C.F.R. § 540.19

Plaintiff does not identify what actions Defendants were responsible for that violated any rights he may have under 28 C.F.R. § 540.19. He simply asserts that Defendants violated 28 C.F.R. § 540.19. While this Court is required to construe his pleadings liberally, it is not proper for it to act as his counsel and the Court is bound by the specific allegations set forth in the complaint. Because Plaintiff has failed to identify any acts of Defendants that violated any of his constitutional rights, his Complaint should be dismissed.

III. CONCLUSION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
U.S. Magistrate Judge

Dated: January 4, 2007

cc: Honorable Thomas M. Hardiman
    United States District Judge

    Celester Vaughn, II
    07806-068
    Federal Medical Center
    P.O. Box 1600
    Butner, NC 27509