```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


CELESTER VAUGHN,             )
        Plaintiff,           )
                             )
        v.                   ) Civil Action No. 04-158
                             ) District Judge Nora Barry Fischer
WILLIAM SCHOAPT - WARDEN;    ) Magistrate Judge Lisa Pupo Lenihan
CAROL STEELE - DIRECTOR      )
OF TREATMENT,                )
        Defendants.          )
```

### REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 30) be granted.

II.  REPORT

Plaintiff, Celester Vaughn, a federal prisoner previously confined at the Beaver County Jail (BCJ), located in Beaver County, Pennsylvania, has commenced the present action against William Schoapt, Warden at BCJ and Carol Steele, Director of Treatment at the BCJ. In his original Complaint, Plaintiff merely asserted that Defendants violated 28 C.F.R. § 540.19 concerning the opening of legal correspondence. However, he did not identify what actions Defendants were responsible for that violated any rights he may have under 28 C.F.R. § 540.19. Because Plaintiff failed to identify any acts of Defendants that violated any of his constitutional rights,

1

on January 4, 2007, this Court filed a Report and Recommendation recommending that his Complaint be dismissed (doc. no. 22). Plaintiff was served at the address he provided to the Court, i.e., Federal Medical Center, P.O. Box 1600, Butner, NC 27509 and was advised that he had ten (10) days from the date of service to file written objections to the Report and Recommendation. After no objections were filed, on January 25, 2007, a final order was entered dismissing the action in accordance with the Report and Recommendation (doc. no. 23).

On January 30, 1997, Plaintiff filed a Motion for Extension of Time to File Objections to Report and Recommendation and for Leave to File Amended Pleading (doc. no. 24). It appears that Plaintiff did not file timely objections because he had been transferred to the United States Penitentiary in Atlanta, Georgia; however, he did not inform the Court of his new address as he was required to do. On January 30, the Honorable Thomas M. Hardiman vacated his January 25, 2007 order dismissing the case. On February 1, 2007, Judge Hardiman granted Plaintiff's Motion for Extension of Time to File Objections to the Report and Recommendation and for Leave to File Amended Pleading.

On March 2, 2007, Plaintiff filed a pleading

captioned "Traverse to Magistrates Report Amended Pleading" (doc. no. 26).  In that document, Plaintiff states that he amends his Complaint to request injunctive relief to require the Defendants to refrain from their illegal practices of opening legal mail outside the prisoner's presence.  On May 21, 2007, Defendants filed a Motion to Dismiss (doc. no. 30).  On September 24, 2007, this Court ordered Plaintiff to file a response to Defendants' Motion on or before October 15, 2007.  No response was filed.  For the reasons that follow, this action should be dismissed as moot.

### A. Standard of Review

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face" (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  California Pub.

Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp., 127 S.Ct. at1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at 1974.

### B. Mootness

Art. III, §2, cl. 1 of the United States Constitution limits the power of federal courts to the resolution of "cases and controversies."  The adjudicatory power of a federal court depends upon the "continuing existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452, 459 (1974).  Thus, "[t]he rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. at 459, n. 10.  "The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful

4

relief."  13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §3533.3 (1984).

Here, changed circumstances in the form of Plaintiff's transfer from the BCP to the United States Penitentiary in Atlanta have forestalled any occasion for any meaningful injunctive relief sought by the Plaintiff against the Defendants, employees of the BCP.  Consequently, Plaintiff's request to enjoin the Defendants from opening his legal mail is academic and his Complaint should be dismissed as moot.  See, e.g., Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993) (holding that inmate's release from institution rendered moot his claim for injunctive or declaratory relief); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) (holding that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge); Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) (transfer to another institution mooted plaintiff's claims for injunctive or declaratory relief).

III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 30) should be granted as Plaintiff's claims now are moot.

In accordance with the Magistrate Judges Act, 28

U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                         /s/ Lisa Pupo Lenihan
                                         LISA PUPO LENIHAN
                                         U.S. Magistrate Judge

Dated:    October 19, 2007

cc:       Honorable Nora Barry Fischer
          United States District Judge

          Celester Vaughn, II
          07806-068
          USP Atlanta
          601 McNough Boulevard
          Atlanta, GA 30315